UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

MARIE L. BANKS,

                        Plaintiff,

        - against -

NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE,

                        Defendant.

MEMORANDUM AND ORDER

No. 11-CV-5212 (JG) (RER)

JOHN GLEESON, United States District Judge:

       Plaintiff Marie L. Banks filed this *pro se* action on October 25, 2011, seeking damages and an order putting an end to what she refers to as "kidnapping for mass grave." Compl. ¶ IV. Banks has requested leave to proceed *in forma pauperis*. I grant her request to proceed *in forma pauperis* solely for the purpose of this Order, and dismiss the complaint for the reasons set forth below.

## BACKGROUND

       Banks's claims appear to arise from a tax dispute with the New York State Department of Taxation and Finance (the "NYSDTF"). However, the complaint also contains repeated references to matters such as a "mass grave," kidnapping, genocide, evidence planting, assassination, robbery and rape.

       It is difficult to understand the nature of Banks's dispute with the NYSDTF. As her "Statement of Claim," she states:

> Defendant fail to state collection procedure of TAX Isolation[.] Defendant refused help to victim after his associates orchestrated assassination order unsigned by the Judge in Washington[.] Defendant Give ultimatum & Robbed payment.

Compl. ¶ III.  Banks also claims that "the State refused access to their Building [and] [r]efused to accept a Power of Attorney."  *Id.* p. 2.  She also attaches a letter sent by the NYSDTF to her son and claims that it "did not explain the collection procedure law" and "stole" a payment.  *Id.*

DISCUSSION

A.   *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  In *Denton v. Hernandez*, 504 U.S. 25 (1992), the Supreme Court explained that

> the *in forma pauperis* statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

*Id.* at 32 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Id.* at 33.

A court must construe a *pro se* litigant's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), especially when those pleadings allege civil rights violations, *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).  A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the

2

complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citation omitted).

Although courts must read *pro se* complaints with "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks and citation omitted), and interpret them "to raise the strongest arguments that they suggest," *id.* at 476 (internal quotation marks and citation omitted), the complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

B.  *Analysis*

The bulk of the allegations in the complaint are frivolous. In particular, Banks's allegations regarding "mass graves," evidence planting, kidnapping, genocide, assassinations and rape appear irrational. *See Denton*, 504 U.S. at 33.

To the extent Banks is seeking to challenge an assessment of state taxes owed by her or her son, her claims are barred by the Tax Injunction Act (the "TIA"), 28 U.S.C. § 1341.[1]

---

[1]  It does not appear from the complaint that Banks would have standing to pursue claims on behalf of her son. However, since the complaint refers to tax assessments and payments made by Banks in addition to her son, I will assume, at this point, that she has standing.

<mark>3</mark>

*See Hibbs v. Winn*, 542 U.S. 88, 104–05, 107 (2004); *Joseph v. Hyman*, 659 F.3d 215, 218 (2d Cir. 2011); *Macagna v. Town of E. Hampton*, No. 09-CV-3064 (DRH) (ETB), 2010 WL 3257729, at *5 (E.D.N.Y. Aug. 16, 2010). Moreover, even if not embraced by the TIA, her challenge to state tax procedures is barred by the doctrine of comity. *See Levin v. Commerce Energy, Inc.*, 130 S. Ct. 2323, 2330, 2332–33 (2010); *Joseph*, 659 F.3d at 218 ("Federal courts generally abstain from cases that challenge state taxation schemes on the basis that those claims are more appropriately resolved in state court."); *Macagna*, 2010 WL 3257729, at *5–7.

Even if I were to reach the merits of Banks's claim that the state "did not explain the collection procedure law," I would conclude that she has failed to state a claim. Due process generally does not require a state to provide individualized notice of state-law procedures that "are established by published, generally available state statutes and case law." *City of W. Covina v. Perkins*, 525 U.S. 234, 241 (1999); *see also Brody v. Vill. of Port Chester*, 434 F.3d 121, 132 (2d Cir. 2005). Banks has failed to allege why the notices provided by the NYSDTF were inadequate.

CONCLUSION

For the reasons above, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).[2]

So ordered.

John Gleeson, U.S.D.J.

Dated: January 9, 2012
      Brooklyn, New York

---

[2] *Pro se* complaints like the current one are frequently dismissed with leave to amend, which provides the *pro se* plaintiff an opportunity to frame a coherent complaint that complies with the requirements of Rule 8 of the Federal Rules of Civil Procedure. However, Ms. Banks's lengthy litigation history in this Court, which includes numerous dismissals with leave to amend, has proved the futility of granting such leave here. I have no doubt that circumstances the Court lacks the authority to address preclude Ms. Banks from reframing the current allegations into a viable cause of action.